# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| JANICE D. ROBERTS, | |
| Plaintiff, | CIVIL ACTION NO.: 2:16-cv-25 |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff initiated this case on February 18, 2016, by filing a Complaint, (doc. 1), and a Motion for *in Forma Pauperis* status, (doc. 2), supported by an affidavit of financial status. Plaintiff resides in Tatnall County, Georgia, and seeks to appeal an unfavorable decision of the Social Security Administration denying her benefits under Title XVI of the Social Security Act. (Doc. 1.) After reviewing Plaintiff's Motion, (doc. 2), the Court **GRANTS** Plaintiff leave to proceed *in Forma Pauperis.*

THEREFORE, IT IS HEREBY ORDERED that a copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendant by the United States Marshal without prepayment of cost. The United States Marshal is hereby directed to serve a copy of the Complaint and a copy of this Order upon Defendant, the Attorney General of the United States, and the United States Attorney for the Southern District of Georgia without prepayment of cost. Pursuant to Fed. R. Civ. P. 4(i)(1), the United States Attorney may be personally served or served by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney, and the Attorney General may be served by registered or certified mail.

Pursuant to Fed. R. Civ. P. 4(i)(2), service may be perfected on the Defendant by registered or certified mail.

However, it appears that Plaintiff filed this action in the wrong division of this District. Venue for this action is proper in the division of this District wherein Plaintiff's place of residence lies. 42 U.S.C. § 405(g); Local Rule 2.1(e).[1] Plaintiff resides in Tatnall County, which is located in the Statesboro Division of this District. 28 U.S.C. § 90(c)(6). Accordingly, I **RECOMMEND** that the Court **TRANSFER** this case to the Court's Statesboro Division. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought .").

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

---

[1] Local Rule 2.1(e) provides that "[a]ctions brought against the United States shall be brought in the division containing the county of plaintiff's residence or in the division in which a substantial part of the events or omissions giving rise to the claim occurred." Additionally, 42 U.S.C. § 405(g) provides, in pertinent part,

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA